J-S44018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                               :  PENNSYLVANIA
                                               :

               v.                     :

                                               :

JAMES CURTIS STEELE               :

                                               :

            Appellant           :  No. 832 MDA 2022

Appeal from the Judgment of Sentence Entered December 27, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003076-2020

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:    **FILED: APRIL 4, 2023**

James Curtis Steele appeals from the judgment of sentence imposed following his convictions for aggravated assault and simple assault.[1] Steele argues the court erred in admitting testimony that he had stolen the victim's cell phone prior to the assault. We affirm.

The victim testified at Steele's jury trial that she and Steele had met using an online dating application, met in person three times, and dated for approximately three months. **See** N.T., 10/5/21, at 87-89, 113. The Commonwealth asked the victim why she had ended the relationship with Steele, and the victim answered, "Well, he stole my phone from out of my house that was --." **Id.** at 90.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(4) and 2701(a)(1), respectively.

Steele's counsel objected on the basis that the testimony referred to his prior bad acts. *Id.* The court overruled the objection, agreeing with the prosecutor's argument that the testimony was admissible "to show [the victim's] course of conduct" and relevant to why the relationship had ended. *Id.* at 91. The victim then repeated that Steele had stolen her phone and as a result, she "didn't want to be with him anymore" and "made him leave." *Id.*

The victim testified that two days later, when she left her apartment at 10:00 a.m., Steele was waiting outside. He asked her to repay him for a refrigerator he had purchased for her during the relationship. *Id.* at 89-92, 95. The victim told him, "No," and began to walk to work. *Id.* at 92. The victim testified that further along on her route to work, Steele "walked up to me, and, like, grabbed me and just cut me." *Id.* at 93. She said he cut her with a small blade, first on the right side of her face and then again on the left side of her face. *Id.* at 97-99, 105. The victim testified that she was 100% certain that Steele was the person who assaulted her. *Id.* at 112.

Steele left the scene, and the victim put a rag on her face to stop the bleeding. *Id.* at 97. When she arrived at work, her employer called the police. *Id.* at 99. After talking to the police and telling them Steele had been her assailant, the victim rode to the hospital in an ambulance. *Id.* at 99-100. The victim received two shots in her face, and stitches. *Id.* at 100. The Commonwealth introduced pictures of the victim's injuries into evidence. *Id.* at 102-04.

On cross-examination, the victim testified that during the two days between when Steele stole her phone and the assault, she got her phone back. *Id.* at 113. She had not involved the police to recover her phone. *Id.*

Officer Tyler Zeller testified that he met the victim at her place of employment following the assault and saw her holding a bloody rag to her face. *Id.* at 118, 120-22. He testified that he saw lacerations on her face that were 3 and 4 inches long, and that the cut on the right side of her face severed her right ear. *Id.* at 122. He testified the victim told him that Steele had been the perpetrator, and he was able to confirm Steele's identity and locate him using law enforcement databases. *Id.* at 120-22.

The jury returned verdicts of guilty. The court sentenced Steele to an aggregate of four to eight years' incarceration. Steele filed a post-sentence motion, which the court denied.

Steele appealed, and raises the following issue:

> The trial court erred when it permitted the victim to testify about [Steele]'s prior bad acts involving an alleged theft of the victim's cell phone. The Commonwealth provided no prior notice to [Steele] of its intent to use this evidence. [Steele] was never charge with this offense. This evidence was not part of the *res gestae* of the case. The assault occurred, according to the victim, after she ended her relationship with [Steele] while the alleged theft of the phone occurred before. The theft, as a prior bad act, was more prejudicial than probative as to whether [Steele] was the individual who assaulted the victim.

Steele's Br. at 4.

In its opinion, the trial court explained that it did not admit the evidence related to the theft of the cell phone to prove Steele's propensity for violence,

but "as a mere explanation as to why the [v]ictim ended the relationship with [Steele]." Trial Court Opinion, 6/6/22, at 2. The trial court elaborated that if it erred in admitting the evidence, the error was harmless because any prejudice was lessened by the victim's testimony that she recovered her phone without involving the police, and there was overwhelming other evidence that Steele was guilty of assault. *Id.* at 3-4.

Steele argues the court abused its discretion in admitting the victim's testimony that she ended their relationship because he stole her phone, because it was both unfairly prejudicial to him and irrelevant to the assault charges. Steele posits that while the fact of the breakup itself was relevant, the reasons for the breakup were not necessary for the jury to understand the allegations of assault. He also argues that the testimony was not related to the motive for the alleged confrontation, which was repayment for the refrigerator. Steele argues that any probative value attributable to the testimony related to the cell phone theft did not outweigh its prejudicial effect of painting him in a negative light.

Steele further argues that the testimony was not harmless, as the allegations of cell phone theft were not cumulative with the allegations of assault but constituted a separate and distinct event. He contends the evidence was not de minimis and was "sprung on Steele's counsel during trial." *Id.* at 18. He also asserts that there was not overwhelming evidence of Steele's guilt, because the convictions were based solely on the victim's testimony; there were no other eyewitnesses. Had the jury not been

- 4 -

prejudiced against Steele by the testimony related to the cell phone theft, Steele argues, it might not have found the victim credible and him, guilty.

We review a trial court's ruling on the admission of evidence under an abuse of discretion standard. *Commonwealth v. Brown*, 52 A.3d 320, 325 (Pa.Super. 2012). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Hairston*, 84 A.3d 657, 664-65 (Pa. 2014).

Evidence of "any other crime, wrong, or act" – often referred to as "prior bad acts" evidence – is not admissible to prove a person's character. *See* Pa.R.E. 404(b)(1). The same evidence may be admissible for another reason, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2). Similarly, the evidence may be admissible when the prior bad acts were part of the "natural development" of the case and the evidence is needed to tell the "complete story" of the crimes charged. *Brown*, 52 A.3d at 326 (quoting *Commonwealth v. Billa*, 555 A.2d 835, 840 (Pa. 1989) and *Commonwealth v. Lark*, 543 A.2d 491, 497 (Pa. 1988)). This is known as the "*res gestae*" exception to the prohibition on prior bad acts evidence. *Id.*; *see also Commonwealth v. Crispell*, 193 A.3d 919, 936 (Pa. 2018).

When evidence is to be used for any such reason, it is only admissible if its probative value outweighs its potential for unfair prejudice. Pa.R.E.

404(b)(2); **Hairston**, 84 A.3d at 665. "'Unfair prejudice' means a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." Pa.R.E. 403, Comment. To determine whether *res gestae* evidence meets the threshold for admissibility, a court must consider "the strength of the [prior bad acts] evidence, the similarities between the crimes, the time lapse between crimes, the need for the other crimes evidence, the efficacy of alternative proof of the charged crime, and the degree to which the evidence probably will rouse the jury to overmastering hostility." **Brown**, 52 A.3d at 326 (internal quotation marks and citation omitted).

The Commonwealth is required to provide reasonable written notice in advance of trial of its intention to admit prior bad acts evidence. **See** Pa.R.E. 404(b)(3). However, the court may excuse its failure to do so "on good cause shown." **Id.**

In the instant case, the court did not abuse its discretion in admitting the testimony under the *res gestae* exception. It was appropriate for the jury to hear the reason for the breakup which led to the physical confrontation two days later. The animosity surrounding the breakup was relevant to Steele's motive for the assault, despite that the victim testified that Steele had also requested money from her.

Moreover, the fact of the cell phone theft was relatively insignificant in relation to the testimony describing the assault, especially considering the victim testified she recovered her phone within two days and without the

involvement of law enforcement. While Steele argues the distinction between the acts means the jury could have understood the mechanics of the assault without hearing the testimony regarding the cell phone theft, the relative insignificance of the theft also indicates this testimony was unlikely to "rouse the jury to overmastering hostility" such that it would not be able to impartially weigh the testimony describing the assault. **Brown**, 52 A.3d at 326; Pa.R.E. 403(b), Comment.

Although Steele argues the court should have excluded the testimony due to the Commonwealth's failure to provide pre-trial written notice under Rule 404(b)(3), or a showing of good cause, Steele did not raise this objection at the time of trial. Thus, it is waived. **See Commonwealth v. Poplawski**, 130 A.3d 697, 728, 729 (Pa. 2015) (objections to the admission of evidence must be timely and specific).

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2023